KATHRYN N. NESTER, Federal Public Defender (#13967)
BENJAMIN C. McMURRAY, Assistant Federal Public Defender (#9926)
**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF UTAH**
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah   84101
Telephone: (801) 524-4010
Facsimile: (801) 524-4060

_____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALEXANDER MARTIN,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | RESPONSE TO GOVERNMENT'S MOTION TO STAY<br><br><br>Civil No. 2:16-cv-693 CW<br>Crim. No. 2:10-cr-31 CW |

The government concedes that *Johnson* applies to the residual clause of the definition of "crime of violence" in the sentencing guidelines,[1] yet it asks this Court to stay Mr. Martin's § 2255 motion because the Supreme Court *might* hold *Johnson v. United States*[2] does not apply retroactively in guideline cases.  However, a stay will irreparably harm Mr. Martin, and the government has not argued that it will be harmed by proceeding to the merits, so the Court should deny a stay.

---

[1] Doc. 3, at 2 n.1.

[2] 135 S. Ct. 2551 (2015).

## FACTS

As described more fully in his § 2255 motion, Mr. Martin pled guilty to unlawfully possessing a firearm and other offenses, including a violation of 18 U.S.C. § 924(c). At sentencing, the court applied an enhanced guideline range under USSG §2K2.1 based on prior Utah robbery convictions. These convictions qualified as crimes of violence only under the residual clause of guideline §4B1.2, so after *Johnson*, they cannot constitutionally be considered a crime of violence.

Because Mr. Martin's conviction was classified as a crime of violence, he faced a guideline range of 63–78 months in prison. Had Mr. Martin's prior conviction not been used to enhance his guideline range, his range would have been 41–51 months in prison. Relying instead on the higher guideline range, the Court sentenced him to 84 months in prison, which included 60 months for the violation of § 924(c).

Had the court not applied the increased guideline range and imposed a shorter sentence, Mr. Martin could be out of prison already. As it stands, he will complete his original prison term on February 8, 2017. Waiting for *Beckles* will effectively deprive Mr. Martin of getting any meaningful relief from his unconstitutional prison sentence.

## ARGUMENT

The government claims *Beckles v. United States*[3] will dispose of Mr. Martin's motion because the Supreme Court granted certiorari to decide whether *Johnson* applies retroactively to the Sentencing Guidelines. The government cites *Beckles* decisively, as if a grant of certiorari on

---

[3] S. Ct. No. 15-8544, *cert. granted*, 579 U.S. ___, 2016 WL 1029080 (June 27, 2016).

a potentially dispositive issue discharges this Court of its obligation to apply the Constitution to the case before, irrespective of the merits of the issue the government seeks to stay.  However, the government's motion fails to explain why *Welch v. United States*[4] does not require the retroactive application of *Johnson* to Mr. Martin right now.  Likewise, the government ignores the merits of *Madrid*[5] and *Encinias*[6]—cases that have already been decided and control the outcome here.

**I.      The stay should be denied because Mr. Martin will be irreparably harmed if the case is delayed.**

The Court should deny the government's motion to stay because delaying the case will irreparably harm Mr. Martin.  Although district courts have authority to decide whether a stay is warranted,[7] a stay is not warranted where harm will result if the stay is imposed.  In *Landis v. North America Co.*,[8] the Supreme Court vacated a stay that "would certainly narrow the issues and assist in the determination of legal questions."[9]  As the Court explained, "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."[10]  Although the Court recognized the

---

[4] 136 S. Ct. 1257 (2016).

[5] *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015).

[6] *In re Encinias*, — F.3d —, 2016 WL 1719323 (10th Cir. 2016) (per curiam).

[7] *Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014).

[8] 299 U.S. 248 (1936).

[9] *Id.* at 253.

[10] *Id.* at 255.

inherent power of each court to control the disposition of the cases before it while considering judicial and litigant economy,[11] after *Landis*, "workload case management standing alone is not necessarily a sufficient ground to stay proceedings."[12] *Landis* requires a balancing approach: "if there is even a fair possibility that the stay . . . will work damage to some one else," the movant "must make out a clear case of hardship or inequity in being required to go forward."[13] The Court also cautioned against stays that are indefinite in nature.[14]

Applying *Landis*, the Tenth Circuit in *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*,[15] reversed the district court's decision to stay seven cases. Specifically, the court concluded that to delay court proceedings, the movant "must make a strong showing of necessity,"[16] because "the right to proceed in court should not be denied except under the most extreme circumstances."[17] "Considerations such as judicial economy should rarely if ever lead to such broad curtailment of the access to the courts."[18] Putting the *Landis* balancing test in context, if there is even a "fair possibility" the stay will work damage to Mr. Martin, it is the

---

[11] *Id.* at 254.

[12] *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Landis*).

[13] 299 U.S. at 255.

[14] *Id.* at 256.

[15] 713 F.2d 1477 (10th Cir. 1983).

[16] *Id.* at 1484.

[17] *Id.* (quoting *Klein v. Adams & Peck*, 436 F.3d 337, 339 (2d Cir. 1971)).

[18] *Id.* at 1485.

government's burden to clearly show it will suffer "hardship or inequality"—something the government has not done and cannot do.

There is much more than a "fair possibility" the imposition of a stay will damage Mr. Martin. There is no denying the harm inherent in an incorrect guideline range. In *Molina-Martinez v. United States*,[19] the Supreme Court reaffirmed that the sentencing guidelines are at the core of the sentence: "The Guidelines' central role means that an error related to the Guidelines can be particularly serious."[20] In fact, the Court found a guideline error resulting in a sentencing range difference of just seven months to be so serious, it satisfied the stringent plain-error standard of review—a standard that can only be satisfied if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings."[21] "When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."[22] The classification of Mr. Martin's convictions as a crime of violence significantly increased his guideline range. Without the increase in his guideline range, Mr. Martin almost certainly would have received a lesser sentence.

The government tries to minimize the damage Mr. Martin will suffer by claiming *Beckles*

---

[19] 136 S. Ct. 1338 (2016)

[20] *Id.* at 1345.

[21] *Id.* at 1340 (internal citations omitted), 1344.

[22] *Id.* at 1345.

will be briefed over the summer and decided during the October 2016 term of court.[23]  However, the Supreme Court's October 2016 term runs from October 2016 to June 2017, and oral argument has not yet been scheduled, so the government's motion merely asserts that *Beckles* will be decided sometime before next June. Until that time, Mr. Martin remains in prison unconstitutionally, far beyond the time he should have served without the enhancement.

With respect to briefing, because the writ of certiorari was granted in *Beckles* on June 27, 2016, at best, the briefing will not be completed until the middle of October at the soonest.[24] If any party requests an extension,[25] the briefing will not be completed until much later. It is a virtual certainty that *Beckles* will not be decided before Mr. Martin finishes his unconstitutional prison sentence. In short, the government's attempt to minimize damage only shows how severe the harm to Mr. Martin might actually be.

Because there is more than a "fair possibility" a stay will damage Mr. Martin by extending his unconstitutional confinement, the government must make a "clear case" of hardship or inequity before the Court can grant the stay.  The government makes no such claim, nor can it.  The government's sole claim is that *Beckles* will resolve questions that could dispose of Mr. Martin's motion.  All the government is asking for is the luxury of not filing a brief while *Beckles* is pending.  This convenience does not satisfy the *Landis* standard.  Mr. Martin's strong

---

[23] Doc. 3, at 2.

[24] *See* Rule 25, Rules of Supreme Court (July 1, 2013) (noting petitioner brief should be filed within 45 days of the order granting the writ of certiorari; response brief should be filed within 30 days thereafter; reply brief should be filed within 30 days of response).

[25] *See id.*, Rule 30 (providing for extensions).

interest in not being forced to serve more time in prison should he prevail on his motion significantly outweighs the government's interest in this convenience.  A stay in this case will prevent Mr. Martin from obtaining *Johnson* relief until after he has fully served his unconstitutional prison term.

II.  *Beckles* will not likely foreclose Mr. Martin's claim; rather the Court should rely upon *Welch*, *Madrid*, and *Encinias*.

With respect to the issue of the retroactive applicability of *Johnson* to guideline challenges, it is highly unlikely the Supreme Court will rule in the government's favor in *Beckles*.  Every circuit to consider the issue, with the exception of one, has held *Johnson* applies to the guidelines (a point the government concedes). And no circuit has held *Johnson* applies to the guidelines—but not retroactively.  The only circuit to discuss retroactivity since *Welch* has made clear *Johnson* is a substantive rule that applies retroactively to the guidelines.[26]  Likewise, numerous district courts, including in this district,[27] have either granted § 2255 challenges to guideline sentences under *Johnson* or denied government motions to stay, for the same reasons raised by Mr. Martin.[28]

---

[26] *In re Hubbard*, __ F.3d __, 2016 WL 3181417 at *6-*7 (4th Cir. 2016) (rejecting argument that *Johnson* was procedural when applied to sentencing guidelines).

[27] *United States v. Archer*, 2:16-cv-428, Doc. 14 (D. Utah Jul. 18, 2016) (denying *Beckles* stay); *United States v. Alderman*, 2:16-cv-671, Doc. 7 (D. Utah Jul. 20, 2016) (denying *Beckles* stay).

[28] *See, e.g.*, *United States v. Tomisser*, 2:11-cr-2115, Slip. Op. at 7 n.1 (D. Wash. Jul. 11, 2016) (granting § 2255 motion challenging guideline sentence, despite likelihood that retroactivity question will be answered in *Beckles*); *Fife v. United States*, No. 1:03-cr-00149, Order (S.D. Ohio July 13, 2016); *United States v. Hawkins*, No. 8:13-cr-00343, Memorandum and Order (D. Neb. June 30, 2016) (denying stay); *United States v. Hoopes*, No. 3:11-cr-00425, Opinion and Order (D. Or. July 5, 2016) (denying stay); *United States v. Robinson*,

One problem with the government's reliance on *Beckles* to justify its request for a stay is that *Beckles* may not definitively decide the retroactivity issue. For example, because the Court currently has only eight justices, *Beckles* could result in a 4-4 decision from which no controlling authority emerges.

Furthermore, it is difficult to see how, after *Welch*, the Supreme Court could find *Johnson* has no retroactive applicability in guideline cases. In *Welch*, the Supreme Court held that "*Johnson* announced a substantive [new] rule that has retroactive effect in cases on collateral review."[29] Under the retroactivity principles of *Teague v. Lane*,[30] a Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive."[31] Notably, the Supreme Court itself has vacated and remanded several cases

---

CR-13-0079-RMP (E.D. Wash. July 1, 2016) (denying stay pending *Beckles*); *United States v. Edmonson*, CR-13-0144-RMP (E.D. Wash. July 5, 2016) (same); *United States v. Ortega*, CR-11-0087-RMP (E.D. Wash. July 1, 2016) (same); *United States v. Martinez*, CR 07-793 CW, ECF No. 48 (N.D. Cal. July 8, 2016) (denying government's motion for stay pending *Beckles*; holding that "judicial economy is not alone enough to justify a potentially lengthy stay in habeas cases" and that "[t]he government has failed to show any hardship or inequity to justify a stay of these proceedings"); *United States v. Moore*, CR 10-469 CW, ECF No. 99 (N.D. Cal. July 7, 2016) (same); *United States v. Stamps*, CR 13-238 CW, ECF No. 62 (N.D. Cal., July 6, 2016) (same); *United States v. Garcia*, CR 13-601 JST, ECF No. 72 (N.D. Cal. July 6, 2016) (denying government's motion for a stay pending *Beckles* because "such a delay might moot any relief that might be due to Defendant.").

[29] 136 S. Ct. 1257, 1268 (2016); *see also In re Gieswein*, 802 F.3d 1143, 1146 (10th Cir. 2015) (holding that "*Johnson* announced a new rule of constitutional law").

[30] 489 U.S. 288 (1989).

[31] *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *see also Peugh v. United States*, 133 S. Ct. 2072, 2082 (2013) (holding sentencing guidelines are subject to *ex post facto* challenges even though courts have discretion to deviate from recommended range).

involving collateral attacks to guideline-based sentences based on *Johnson*.[32]

Likewise, *Encinias* controls the outcome of the retroactivity question in the Tenth Circuit. After concluding in *Madrid* that "it stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the ACCA,"[33] in *Encinias*, the Tenth Circuit authorized a second or successive § 2255 motion in a guideline case. This authorization required the court to find the movant made a *prima facie* showing *Johnson* was retroactively applicable to a guideline challenge. In so doing, the court reaffirmed that "*Johnson*'s invalidation of the unconstitutionally vague residual clause in the ACCA led to the same result for the career-offender Guideline."[34] Because *Encinias* was a legal ruling, there is no reason to think a district court in this circuit could reach a different conclusion with respect to retroactivity. *Encinias* reflects the current state of the law in this circuit and, as such, must be followed.

**III.    The stay in *Rollins* has no bearing on this case.**

The fact the Tenth Circuit granted a stay in *United States v. Rollins*,[35] a single case out of

---

[32] *See, e.g., Jones v. United States,* 136 S. Ct. 333 (2015) (vacating denial of § 2255 motion in *Jones v. United States,* 597 Fed. App'x 1064 (11th Cir. 2015))*; Denson v. United States*, 135 S. Ct. 2931 (2015) (vacating denial of § 2255 motion in *Denson v. United States*, 569 Fed. App'x 710 (11th Cir. 2014)); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (vacating denial of § 2255 motion in *Beckles v. United States*, 579 Fed. App'x 833 (11th Cir. 2014)); *Wynn v. United States*, 135 S. Ct. 2945 (2015) (vacating denial of § 2255 motion in *Wynn v. United States*, No. 13-4167 (6th Cir. Oct. 10, 2014)); *Jones v. United States*, 135 S. Ct. 2944 (2015) (vacating denial of COA to appeal § 2255 motion in *United States v. Jones*, No. 14-2882 (3d. Cir. Feb. 20, 2015)).

[33] 805 F.3d at 1211.

[34] *In re Encinias*, — F.3d —, 2016 WL 1719323 *1 (10th Cir. 2016) (per curiam).

[35] No. 15-1459 (order filed July 5, 2016).

the numerous other guideline cases in the Tenth Circuit, means nothing in the context of Mr. Martin's case. *Rollins* arises from a district court's denial of a § 2255 motion, so he cannot get relief until the question is decided on appeal. Significantly, in opposing the motion, Mr. Rollins made no showing or claim that a stay would harm him. (According to the BOP website, Mr. Rollins is scheduled to be released in 2029.) Further, at the time the circuit issued a stay, the case had been fully briefed but was not scheduled for argument on the September argument calendar. Thus, *Rollins* would not be argued until November, at soonest, by which time a ruling in *Beckles* would be more imminent. Because the defendant cannot get any relief in *Rollins* until the issue is resolved on appeal, and because he is not likely harmed by a delay, it makes some sense there to wait and see what the Supreme Court does.

It does not make any sense here to wait and see. Mr. Martin's original § 2255 motion is in an entirely different posture. The government concedes that *Johnson* applies to the Guidelines, which means Mr. Martin is serving an unconstitutional sentence. The only dispute will likely be whether there is a remedy for the unconstitutional sentence. If resolution of this motion is delayed, Mr. Martin will be irreparably harmed by spending too much time in prison. This court is bound by *Welch*, *Madrid*, and *Encinias* and should resolve the controversy before it on the authority of those cases.

Furthermore, activity in the Tenth Circuit since *Rollins* was abated shows that *Rollins* was an unusual case. On July 14, 2016, the Tenth Circuit denied a *Beckles* stay in *United States v. Evans*.[36] In *Evans*, the government filed a motion to abate the case, pending a decision in

---

[36] No. 16-1171.

*Beckles*.[37] The government asked the court to follow the approach in *Rollins*, claiming the cases were in the same posture in that Mr. Evans' case would not be argued before November either, since the opening brief was not due until July 20, 2016.[38] But the Tenth Circuit denied the government's motion to abate.[39]

In Mr. Martin's case, even more than *Evans*, it makes no sense to wait for the *Beckles* decision. Mr. Martin's motion, as an original § 2255 motion, is in a different posture because *Welch*, *Madrid*, and *Encinias* exist as settled law—applicable to defendants like Mr. Martin, who are entitled to relief. While an appeals court can change course on its interpretation of the law, a district court must apply the law as it stands. This court should resolve the controversy before it on the authority of *Welch*, *Madrid*, and *Encinias*, denying the government's motion for a stay and ordering Mr. Martin to be resentenced.

As in *Evans*, the denial of the stay need not be with prejudice, and the government may choose to refile its motion if the facts change in any material way. Because the government's obligation to response is tied to a ruling on the stay, the only way to keep this case moving forward is for this court to promptly deny the stay. Absent any argument from the government that it will be harmed by proceeding to the merits, the court should deny the stay.

---

[37] *Id.* (Gov't Motion, filed July 13, 2016) (attached at Exhibit A).

[38] *Id.* at 7.

[39] No. 16-1171 (Order, filed July 14, 2016) (attached as Exhibit B).

-12-

## CONCLUSION

The government's request to delay resolution of this issue is premised on its claim that the Supreme Court will decide *Beckles* in "relatively short order."[40] This claim is factually false, and *Beckles* will not be decided before Mr. Martin completes his unconstitutional prison sentence. Because Mr. Martin will be irreparably harmed by a delay, and absent a showing of any harm to the government, the Court should promptly deny the government's motion to stay.

DATED this 4th day of August 2016.

>  */s/ Benjamin C. McMurray*
>  Benjamin C. McMurray
>  Assistant Federal Public Defender

---

[40] Doc. 3 at 2.